# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6966 | **DATE** | 3/10/2004 |
| **CASE TITLE** | Ehlers Construction vs. Timbers of Shorewood, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] As ruled on in a 3/5/04 minute order and as stated in the attached memorandum opinion and order, Ehler's motion to dismiss Counts I and II of Avenue's complaint is granted. Because Count I of Avenue's complaint was dismissed pursuant to Ehler's motion, Timbers' motion to dismiss Count I is denied as moot. Count IV of Avenue's complaint is dismissed without prejudice. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 9 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 11 2004 date docketed | |
| | Notified counsel by telephone. | | | 84 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 3/10/04 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| KF courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EHLERS CONSTRUCTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMBERS OF SHOREWOOD, L.P., et al., ) <br> ) <br> Defendants. ) <br> ------------------------------------------------- ) <br> AVENUE, INC., ) <br> ) <br> Intervening Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EHLERS CONSTRUCTION, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | No. 03 C 6966 <br> (Consolidated With 03 C 6969) <br> <br> Magistrate Judge Mason |

**DOCKETED**

MAR 1 1 2004

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Intervening plaintiff, Avenue Inc. ("Avenue"), filed two identical, four-count[1] complaints against Ehlers Construction Inc. ("Ehlers"), Timbers of Shorewood-AL, L.P. ("Timbers-AL"), Timbers of Shorewood, L.P. ("Timbers-LP") (collectively "Timbers"), and other defendants. Avenue filed one complaint under case number 03-6966, and the other under case number 03-6969. Because the two complaints make identical

---

[1]On January 22, 2004, counsel for Fidelity Deposit Co. ("Fidelity") represented to the Court that it had paid out on Avenue's claims and therefore would file the proper paperwork requesting leave to be substituted as assignee for Avenue in its pleadings with this Court. More than three weeks later, on February 13, 2004, Avenue and Fidelity filed an incorrect stipulation to substitute Fidelity as assignee for Avenue and to dismiss Count IV of Avenue's Complaint. On February 27, 2004, Fidelity filed a corrected stipulation dismissing Count III, not Count IV, with prejudice. Therefore, only Counts I, II, and IV remain in Avenue's complaint.

allegations and case numbers 03-6966 and 03-6969 have been consolidated under 03-6966, we will address them as a single complaint. Ehlers filed a motion to dismiss Counts I and II of Avenue's complaint, and Timbers filed a motion to dismiss Count I. For the following reasons, Ehlers' motion to dismiss is GRANTED and Timbers' motion to dismiss is DENIED as moot. We also dismiss Count IV of Avenue's complaint without prejudice.

***Factual Background***

Ehlers is a general contractor who entered into an agreement with Timbers-AL to construct a 90-unit assisted care facility, the "AL Project." The AL Project is located in Shorewood, Illinois, on a parcel of land legally described as Lot 147A. Ehlers also entered into a separate agreement with Timbers-LP to construct a 96-unit independent living facility for senior citizens, the "IL Project." The IL Project is located on a parcel of land legally described as Lot 147B and is adjacent to Lot 147A. The AL and IL facilities are attached and share the common street address, 1100 N. River Road, Shorewood, Illinois, 60431. However, they are owned by separate and distinct entities, are defined under separate contracts and are located on two legally distinct parcels of land. Avenue was one of Ehlers' subcontractors on both the AL and IL Projects and agreed to provide Ehlers with labor and material to complete the installation of siding, trim, Tyvek, fascia, gutters, down spouts, carpentry, millwork and related services for the AL and IL Projects.

Ehlers filed two separate complaints to foreclose on two mechanics liens and for breach of contract against Timbers-AL and Timbers-LP. Avenue intervened in both cases also seeking to foreclose on a mechanics lien, and for damages for breach of

contract. Avenue alleges that it is owed $146, 572.30[2] as a result of Ehlers' breach of their agreement.

**Legal Analysis**

*Standard of Review*

In granting a motion to dismiss pursuant to Fed.R.Civ.P.12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Plaintiff's well-pled complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 47.

*Count I*

In Count I of its complaint, Avenue purports to have a valid blanket mechanics lien on the property located at 1100 N. River Road, Shorewood, Illinois, 60431, which it seeks to foreclose. Ehlers moves to dismiss Count I arguing that Avenue failed to state a valid mechanics lien pursuant to the Illinois Mechanics Lien Act ("IMLA"), 770 ILCS 60/1 *et seq*. Specifically, Ehlers argues that Avenue's lien (1) does not set forth the proper legal description of the parcels of land upon which the AL and IL Projects were constructed; (2) fails to name the owners; (3) purports to have a blanket lien for work

---

[2] Avenue's Response to the Motion to Dismiss indicates that the aggregate amount due is $146, 572.30, which is less than the $178, 575.82 indicated as due in Avenue's Complaint. Ehlers has paid Avenue additional money since it filed the Complaint, creating this reduction in the amount due.

3

benefitting two different owners of two different parcels of land; (4) purports to have a blanket lien for eight separate contracts associated with two separate projects; and (5) does not set forth the last date of work associated with each of the projects. Avenue argues that these alleged defects are mere unintentional misstatements and innocent errors that do not effect the validity of the lien.

The IMLA is strictly construed because it is a statutory device in derogation of the common law. *Components, Inc. v. Walter Kassuba Realty Corp.*, 64 Ill. App. 3d 140, 145, 381 N.E.2d 42, 45-46 (Ill. App. 2nd Dist. 1978). A mechanics lien is valid only if each of the statutory requirements is scrupulously observed. *Aluma Sys. Ex rel. Capital Dev. Bd. v. Frederick Quinn Corp.*, 206 Ill. App. 3d 828, 836-37, 564 N.E.2d 1280, 1986-87 (Ill. App. 1st Dist. 1990). Subcontractors filing claims for liens must closely follow the IMLA, or their liens will be stricken. *Braun-Skiba, Ltd. v. LaSalle National Bank*, 279 Ill. App. 3d 912, 919, 665 N.E.2d 485, 491 (Ill. App. 1st Dist. 1996).

First, Avenue's blanket lien is not valid. Section 7 of the IMLA, 770 ILCS 60/7, provides that when "the contract relates to two or more buildings on two or more lots or tracts of land, then all of these buildings and lots or tracts of land may be included in one statement of claims for a lien." 770 ILCS 60/7. However, these blanket liens are limited to situations when a contractor or subcontractor has performed work on multiple structures under a single contract. *Dougherty-Janssen Co. v. Danage Enterprises, Inc.*, 80 Ill. App. 3d 1112, 1115, 400 N.E.2d 1023, 1026 (Ill. App. 3rd Dist. 1980). The language of Section 7 specifically refers to a "situation where a single owner enters into a single contract for the erection or improvement of more than one building on one or

more lots." *Malicki v. Holiday Hills, Inc.*, 30 Ill. App. 2d 459, 464, 174 N.E.2d 915, 917 (Ill. App. 2nd Dist. 1961). Avenue performed work under multiple contracts on two separate parcels of land, owned by two separate entities. A blanket lien is not permissible under this set of facts.

Second, a valid claim for a mechanics lien must include 1) a brief statement of the contract, 2) the balance due after allowing all credits, and 3) description of the lot, lots or tracts of land. 770 ILCS 60/7; *See also Steinberg v. Chicago Title & Trust Co.*, 142 Ill. App. 3d 601, 605, 491 N.E.2d 1294, 1297 (Ill. App. 1st Dist. 1986). Although a lien attaches to the property once the parties enter into a contract, the lien remains unenforceable until properly filed in compliance with 770 ILCS 60/7. Avenue's lien claim fails to meet two of the three requirements. The lien failed to provide a brief statement of contract and the lien does not contain an adequate description of the lot, lots or tracts of land.

When a claim for a lien improperly identifies a party to a contract, the lien claim fails to provide the required brief statement of contract. *Bale v. Barnhardt*, 343 Ill. App. 3d 708, 714, 798 N.E.2d 750, 754 (Ill. App. 4th Dist. 2003); See also *Ronning Engineering Company, Inc. v. Adams Pride Alfalfa Corp.*, 181 Ill. App. 3d 753, 759, 537 N.E.2d 1032, 1034 (Ill. App. 4th Dist. 1989)(statement of contract naming the owner as "Adams Pride" instead of "Adams County Joint Venture" failed to meet the statutory requirement for brief statement of contract because it described the wrong contract). Avenue has several contracts with Ehlers for work on Timbers-AL as well as several contracts with Ehlers to perform work on Timbers-LP. Although Avenue provided notice to both Timbers-AL and Timbers-LP and attached the contracts made with both of the

entities, Avenue's lien claim only mentions Timbers-AL in the statement of contract. Considering the strict construction of this statute, Avenue failed to provide the required brief statement of contract by omitting Timbers-LP.

Also, strict statutory construction requires that a lien claimant, such as Avenue, use the correct legal description of the property named in the lien. *Steinberg*, 491 N.E.2d at 1296-97. Failure to do so will result in the lien being stricken and the complaint dismissed. *Id.* The legal description in Avenue's lien is not correct. Avenue's description combines the legal descriptions of two separate and distinct plots of land, Lot 147A and Lot 147B, into a single legal description. These two tracts of land are owned by two distinct entities. Timbers-AL owns 147A, and Timbers-LP owns147B. As mentioned above, Avenue fails to name Timbers-LP in the brief statement of contract. However, they imprecisely include the plot of land owned by Timbers-LP in the description, causing the description to conflict with the statement of contract on which the lien is based.

Avenue claims that these errors were unintentional misstatements and innocent errors. However, as discussed above, the IMLA is strictly construed. IMLA remedies are in addition to the ordinary remedies afforded by common law, and the claimant alone is obligated to bring himself strictly within the terms of the act. *Steinberg*, 491 N.E.2d at 1298. The claimant is chargeable with notice of every fact which is or could be claimed necessary to enforce a mechanics lien. *Id.* Avenue inappropriately filed a blanket lien which also failed to provide the required brief statement of contract and contained an incorrect description of the property. The combination of these errors resulted in insufficient information for enforcement of the lien, and therefore presents

6

adequate grounds for this court to dismiss Count I of Avenue's complaint.

*Count II*

Ehlers also moves to dismiss Court II of Avenue's Complaint. In Count II, Avenue asserts a cause of action for breach of contract. Avenue alleges that it is entitled to no less than $178,575.82 because Ehlers breached an "agreement" with Avenue. However, Avenue does not define the "agreement" in the complaint. It appears that the "agreement" refers to the eight separate subcontracts and 25 change orders entered into between Ehlers and Avenue. Count II does not specify which of the eight subcontracts and 25 change orders were breached. Fed. R. Civ. P. 10(b) requires that "[e]ach claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Avenue must allege each breach of contract in an independent count, separately listing the amount owed on each contract.

Avenue refers to eight separate subcontracts with Ehlers under the general terms "contract or contracts." Avenue does not specify which of the eight contracts have allegedly been breached and what amount is due under each contract. Ehlers asserts that it has no notice of which subcontracts have been breached. Therefore, Count II of Avenue's complaint is dismissed without prejudice.

*Count IV*

Count IV of Avenue's complaint is dismissed without prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In order to state a valid claim for *quantum meruit*, Avenue must allege: (1) it performed a service to benefit

7

Ehlers; (2) it performed this service non-gratuitously; (3) Ehlers accepted this service; and (4) no contract existed to prescribe payment of this service. *Owen Wagener & Co. v. U.S. Bank*, 297 Ill. App. 3d 1045, 1053, 697 N.E.2d 902, 908 (Ill. App. 1st Dist. 1998). A party cannot recover under *quantum meruit* when a contract governs the relationship between the parties. *Children's Memorial Hospital v. Correctional Medical Services, Inc.*, 2003 WL 120821 at *3 (N.D. Ill. Jan. 10, 2003). Avenue failed to allege the fourth element of a valid *quantum meruit* claim, that no contract existed to prescribe payment. In fact, Avenue pled the opposite, that a valid contract did exist, but that Avenue was entitled to recover under *quantum meruit* apart from its claim under the contract. Therefore, Count IV is dismissed without prejudice.

## Conclusion

For the foregoing reasons Ehlers' motion to dismiss Counts I and II of Avenue's Complaint is granted. Because Count I of Avenue's Complaint was dismissed pursuant to Ehlers' motion, Timbers' motion to dismiss Count I is denied as moot. Count IV of Avenue's Complaint is dismissed without prejudice. It is so ordered.

ENTER:

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: March 10, 2004**